| | |
|---|---|
| DONNA D. A. , | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| *v.* | )    *No. 1:19-cv-00133-NT* |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| *Defendant* | ) |

**REPORT AND RECOMMENDED DECISION**[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal

raises the question of whether, following remand orders by this court and the Appeals Council, a

new administrative law judge ("ALJ") supportably found the plaintiff capable of performing work

existing in significant numbers in the national economy. The plaintiff seeks remand on the bases

that the new ALJ (i) failed to heed the mandate of the Appeals Council in evaluating the opinion

of agency nonexamining consultant Marcia Lipski, M.D., (ii) erred in evaluating the opinions of

treating physicians Priscilla Owusu, M.D., and John Dolan, D.O., and (iii) ignored a May 2013

opinion of treating physician Kristen Scopaz, M.D. *See* Itemized Statement of Specific Errors

("Statement of Errors") (ECF No. 14) at 8-12. I agree that the new ALJ's handling of the Lipski

opinion does not comply with the Appeals Council's mandate and, on that basis, recommend that

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Post-remand, pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the new ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2021, Finding 1, Record at 708; that she had the severe impairments of neurocognitive disorder with post-concussive syndrome, degenerative disc disease, and fibromyalgia, Finding 3, *id.*; that she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that, as relevant here, she could not perform overhead reaching on the left, could occasionally climb stairs/ramps, stoop, kneel, crouch, and crawl, and could not work at unprotected heights or around dangerous machinery, Finding 5, *id.* at 712; that, considering her age (46 years old, defined as a younger individual, on her alleged disability onset date, March 29, 2016), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 723; and that she, therefore, had not been disabled from March 29, 2016, her alleged disability onset date, through the date of the decision, January 28, 2019, Finding 11, *id.* at 724-25. The decision has become the final decision of the commissioner for purposes of judicial review. Complaint (ECF No. 1) ¶ 2; Answer of Defendant (ECF No. 9) ¶ 2; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must

be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The new ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff seeks remand on the basis, *inter alia*, that, in addressing the January 27, 2014, opinion of Dr. Lipski, the new ALJ failed "to comply with the Appeals Council's instruction to resolve the 'inherent contradiction' between [the prior ALJ's] finding that the opinion of Dr. Lipski, who opined that [the plaintiff] must periodically alternate sitting and standing to relieve pain and discomfort, was entitled to 'significant weight' and his failure to include a sit/stand option in his RFC findings or provide an explanation as to why." Statement of Errors at 9 (quoting Record at 722, 813); *see also, e.g*, *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) ("Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."). She underscores that the new ALJ failed even to discuss Dr. Lipski's opinion that she needed to periodically alternate sitting and standing to relieve pain and discomfort. *See* Statement of Errors at 9.

The commissioner concedes that the new ALJ did not discuss Dr. Lipski's sit-stand finding but contends that remand is unwarranted on that basis because the new ALJ complied with the

Appeals Council's mandate. *See* Defendant's Opposition to Plaintiff's Itemized Statement of

Errors ("Opposition") (ECF No. 16) at 2-4. The plaintiff has the better argument.

The Appeals Council explained that it "remand[ed] this case to an [ALJ] for resolution" of

two issues, the relevant one of which it described as follows:

> An inherent contradiction seems to be present in the [prior ALJ]'s findings, which
> needs to be resolved on remand. The decision states the [prior ALJ] gave
> significant weight to the opinions of State agency physician, Marcia Lipski, M.D.,
> who opined the [plaintiff] must periodically alternate sitting and standing to relieve
> pain and discomfort. The [RFC] assessment, however, does not include a sit/stand
> option and the decision does not provide an explanation as to why.

Record at 813 (citations omitted).

On remand, the new ALJ noted that Dr. Lipski had "limited the [plaintiff] to light work

with limits to 4 hours standing/walking, occasional postural limits and manipulative limits as well"

and that she found the opinion "somewhat" or "partially' persuasive for several reasons, including

that the plaintiff had "worked since her original injury in 2011" and that there was "no evidence

that she ha[d] received intensive or intrusive medical treatment since that time." *Id*. at 722.

> She elaborated:

> Therefore, I have added the limitations to light work. It is not exactly as identified
> by the Disability Determination medical consultants in the original reconsideration
> or initial determinations in this case. They limited her walking to 4 hours total in
> an 8-hour workday and limited both her arms to no more than frequent overhead
> reaching. I limited her left arm and precluded all overhead reaching and note there
> is little evidence regarding her arms in the current evidence. However, I do believe
> she is able to perform a range of light work.

*Id*. The new ALJ described her RFC assessment as "generous to the [plaintiff] as there is little

evidence of upper extremity injury/treatment during the relevant period." *Id*. Finally, she

observed:

> Moreover, I note that although I was specifically advised by the Appeals Cou[ncil]
> to give further weight to the opinions of Drs. Lipski and [Karyn] Diamond, [M.D.,]

their opinions are from a time during which the [plaintiff] was working and her amended alleged onset date is after the date of either opinion.

*Id*.

The commissioner contends that the new ALJ had no need to resolve the inherent contradiction that troubled the Appeals Council because she found the Lipski opinion "only somewhat"/"only partially" persuasive. Opposition at 3-4. He adds that she had "no need . . . to specifically call out and reject the sit/stand limitation because it is clear from [her] decision that she rejected that part of Dr. Lipski's opinion." *Id*. at 4. He notes that the new ALJ "specifically referenced Dr. Lipski's standing and postural limitations," citing *Bisbee v. Colvin*, No. 2:13-CV-95-GZS, 2014 WL 294495, at *6 (D. Me. Jan. 27, 2014), for the proposition that "'[l]imitations on prolonged sitting or standing are postural limitations.'" Opposition at 4 (quoting *Bisbee*, 2014 WL 294495, at *6).

As the plaintiff's counsel rejoined at oral argument, *Bisbee* does not save the day for the commissioner. Dr. Lipski included the plaintiff's need to "periodically alternate sitting and standing to relieve pain and discomfort" under the heading of exertional limitations. *See* Record at 108. Under the heading of postural limitations, Dr. Lipski considered only the plaintiff's ability to climb, balance, stoop, kneel, crouch, and crawl. *See id*. Consistent with that, the new ALJ noted that Dr. Lipski had assessed limits to "4 hours standing/walking, occasional postural limits and manipulative limits[.]" *Id*. at 722. She then detailed how her RFC determination differed from that of Drs. Lipski and Diamond: that "[t]hey limited her walking to 4 hours total in an 8-hour workday and limited both her arms to no more than frequent overhead reaching[,]" whereas she "limited her left arm and precluded all overhead reaching[.]" *Id*.

The new ALJ, hence, ignored Dr. Lipski's sit-stand limitation, as had the prior ALJ. That the new ALJ accorded the Lipski opinion less weight than had the prior ALJ did not, standing

5

alone, satisfy the directive of the Appeals Council to acknowledge Dr. Lipski's sit-stand limitation

and explain the weight given to it.[3]

Remand, accordingly, is warranted on the basis of this point of error.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED**

and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of March, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[3] To his credit, counsel for the commissioner called to the court's attention the case of *Christopher B. v. Saul*, No. 1:18-cv-00343-DBH, 2019 WL 6444197 (D. Me. Nov. 29, 2019) (rec. dec., *aff'd* Dec. 16, 2019), in which this court held that remand was required when an ALJ ignored a material off-task limitation in discounting the opinions of two treating physicians. *See Christopher B.*, 2019 WL 6444197, at *3. He distinguished *Christopher B.* on the basis that, in this case, the sit-stand limitation was subsumed in the limitations that the new ALJ addressed, a proposition for which he again cited *Bisbee*. However, for the reasons discussed above, *Bisbee* is itself distinguishable.